IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HELEN BROWN                                                          **PLAINTIFF**

VS.                                              CIVIL ACTION NO.: 251-09-231CIV

MISSISSIPPI DIVISION OF MEDICAID                                     **DEFENDANT**

### SUMMONS

TO:   **MISSISSIPPI DIVISION OF MEDICAID**
      c/o Jim Hood, Attorney General
      Carroll Gartin Justice Building
      450 High Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Louis H. Watson, Jr., Louis H. Watson, Jr., P.A., 520 East Capitol Street, Jackson, Mississippi 39201-2703**, the attorney for the Plaintiff. Your response must be mailed or delivered **within thirty (30) days** from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 6 day of March, 2009.

                              Honorable Barbara Dunn
                              Circuit Clerk of Hinds County, MS

                              By: _____
                                  Deputy Clerk

ATTEST A TRUE COPY
MAR 0 6 2009
BARBARA DUNN, CIRCUIT CLERK
B_____ D.C.

EXHIBIT
A

FILED
MAR - 5 2009
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HELEN BROWN                                                                    PLAINTIFF

VS.                                    CIVIR ACTION NO. 251/09-231CIV

MISSISSIPPI DIVISION OF MEDICAID                                         DEFENDANT

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff Helen Brown and brings this action against her former employer, Defendant, Mississippi Division of Medicaid. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to race discrimination and retaliation in the terms and conditions of her employment with Defendant. The actions of the Defendant described herein constitute violations of Title VII, 42 U.S.C. § 1981, and Mississippi law.

## THE PARTIES

1.    Plaintiff Helen Brown is an adult female resident of Copiah County, Mississippi residing at 1034 Sandifer Street, Hazlehurst, Mississippi 39083.

2.    Defendant, Mississippi Division of Medicaid, is Ms. Brown's previous employer that wrongfully discriminated against Plaintiff based on her race. Mississippi Division of Medicaid is a Mississippi state agency qualified to do business in Mississippi with a principal place of business at 550 High Street, Suite 1000, Jackson, Mississippi 39201. Defendant may be served with process through Honorable Jim Hood, Mississippi Attorney General, Carroll Gartin Justice Building, 450 High Street, Jackson, Mississippi

39201.

## JURISDICTION

3.  This court has concurrent civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.

4.  This Court has concurrent federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.  This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

6.  Plaintiff timely filed a Charge of Discrimination and Retaliation with the EEOC, a true and correct copy of which is attached as Exhibit "A." The US Department of Justice, Civil Rights Division, issued a Notice of Right to Sue on December 5, 2008, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7.  Plaintiff was hired by Defendant in June of 1991 as an Accountant/Auditor II in the Division of Medicaid. In January of 2006, Plaintiff was promoted to Accounting/Auditing Division Director.

8.  In July of 2006, Plaintiff requested from upper management a balance in the work distribution as Plaintiff's work load was much greater than her similarly situated Caucasian co-workers.

9.  Plaintiff was denied reorganization of duties by her second level manager, even though Plaintiff was forced to work weekends to complete her duties.

2

10. Plaintiff requested a workload balance again in approximately February 2007. Again, Plaintiff's request was denied.

11. In approximately March 2007, Plaintiff's first level supervisor expressed to upper management the same concerns of unbalanced workload.

12. In approximately March of 2007, an independent contractor was hired to assist with an overview of the Office of Financial Administration.

13. This independent contractor validated Plaintiff's concerns regarding workload. Thus, management transferred certain duties to other newly-created Bureaus and Divisions within the Division of Medicaid.

14. In implementing this transfer of duties, management favored less qualified Caucasians over highly qualified African Americans, assigning positions and titles, with no interview process. Defendant claimed they posted available positions; however, their postings were ambiguous and Plaintiff, along with other employees, were thus denied opportunity for application. Further African American contract employees were paid substantially less than similarly situated Caucasian employees.

15. This transfer of workload under these circumstances created a hostile work environment for Plaintiff. Plaintiff was purposefully omitted from electronic mail and meetings simply based on her race and in retaliation for requesting a realignment of the work load. Plaintiff was also subjected to harassment by her managers, peeping through her office window and frequently entering Plaintiff's office without permission.

16. In December of 2007, Plaintiff's position was realigned from Division Director to Accounting/Auditing Division Director, and Plaintiff should have received an annual increase of approximately $12,000.00 per year. However, Plaintiff only received

approximately half of this amount. The Division implemented a stipulation to all employees that the other half of this increase was to be distributed after six months in the current position, and after meeting minimal expectations in the new job class for the six months. However, Plaintiff went on unexpected medical disability and never had opportunity to participate in her performance appraisal review, and thus never received her additional salary increase. Other similarly situated Caucasian co-workers of Plaintiff were able to receive their increase prior to their six month stipulation.

17.  In approximately March of 2008, Plaintiff was informed that upper management was discussing transitioning one of Plaintiff's new hires to another newly-created Bureau, and that Plaintiff was also being discussed as to transition to the new Bureau. The newly-hired Director of the newly-created Bureau was a Caucasian male with much less experience than Plaintiff. Plaintiff was denied an opportunity to apply for the newly-created Director position in the newly-created Bureau. Further, Plaintiff was on the panel that interviewed this Caucasian male when he applied for a lower level position.

18.  Plaintiff was approved for FMLA on July 7, 2008 until September 26, 2008, due to the stress of her racially hostile work environment. Plaintiff requested additional leave without pay on October 13, 2008, and was approved for an additional four weeks and two days, until November 7, 2008. At the expiration of this leave, Plaintiff was denied donated leave and any further leave. However, Plaintiff was still clearly under her doctor's care, and submitted documentation of same to Defendant.

19.  Plaintiff was wrongfully terminated on January 8, 2009, for being unable to perform her job duties. Plaintiff was subjected to racial discrimination, a racially hostile work environment, and retaliation for reporting racial discrimination as to the unbalanced

4

work load and lack of opportunity to apply for the superior position.

20. Plaintiff was a stellar employee for seventeen years with Defendant, yet was wrongfully terminated based on her race and in retaliation for refusing to be subjected to racial discrimination.

## CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION-VIOLATION OF TITLE VII & 42 U.S.C. § 1981

21. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22. Defendant's actions constitute unlawful discrimination on the basis of race in violation of Title VII and 42 U.S.C. § 1981.

23. As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

24. The unlawful actions of the Defendant complained of above were intentional, malicious and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II

### RETALIATION

25. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendant has unlawfully retaliated against Plaintiff for reporting racial discrimination as to the balance of workload and the denial of opportunity for promotion by Defendant, thereby engaging in protected activity under Title VII of the Civil Rights Act of

1964 and 42 U.S.C. § 1981.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 26 above as if fully incorporated herein.

28. By its actions, Defendant has intentionally inflicted emotional distress upon Plaintiff. Defendant's actions have been such to evoke outrage and revulsion. Defendant's behavior has been malicious, willful, wanton, grossly careless, indifferent, or reckless.

29. The effect of these actions on Plaintiff was reasonably foreseeable.

30. Plaintiff has suffered injury as a result of the Defendant's actions.

## COUNT IV

## PUNITIVE DAMAGES

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Plaintiff is entitled to punitive damages against Defendant as a result of Defendant's intentional acts and as a result of their extreme and outrageous conduct. Alternatively, Plaintiff is entitled to damages because Defendant's unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits,

and other pecuniary losses proximately caused by Defendant's unlawful conduct;

b. Compensatory damages against Defendant in an amount to be determined by the jury;

c. Punitive damages against Defendant in an amount to be determined by the jury;

d. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII, 42 U.S.C. § 1981, and Mississippi law; and

e. Such further relief as is deemed just and proper.

THIS the 5th day of March, 2009.

Respectfully submitted,

HELEN BROWN, PLAINTIFF

By: *Louis H. Watson Jr.*
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
520 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 968-0000
Fax: (601) 968-0010
louis@louiswatson.com

7

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 423-2008-01923 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Helen Brown | (601) 503-6389 | 1959 |

Street Address: P.O. Box 888, Hazlehurst, MS 39083

City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DIVISION OF MEDICAID | Unknown | (601) 359-6102 |

Street Address: 550 High Street, Jackson, MS 39201

RECEIVED APR 2 5 2008 EEOC/JAO

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2006    Latest: 04-25-2008
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired June 1991 as an Accountant/Auditor II. I was later promoted to Accountant Auditor II/Division Director. In July 2006 I complained to my First and Second Level Supervisors regarding the assignment of burdensome workloads to me as opposed to a easier workloads for the Caucasian employees who were similar situated to me.

Shortly after this day and continuing to present day, I have been subjected to disparate Terms and Conditions of Employment in that I am not being included in meetings and E-mail conversations. On February 1, 2008 I was not afforded the opportunity to apply for promotion to the position of Accountant/Auditor Bureau Director because of my Race, Black.

I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME THIS DATE

Apr 25, 2008    Helen Brown
Date    Charging Party Signature

EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5055 1551

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

December 5, 2008

Ms. Helen Brown
c/o Louis H. Watson, Jr., Esquire
Law Office Louis H. Watson, Jr.
Attorney at Law
520 E. Capitol Street
Jackson, MS  39201-2703

Re:  EEOC Charge Against Division of Medicaid
     No. 423200801923

Dear Ms. Brown:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Jackson Area Office, Jackson, MS.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Jackson Area Office, EEOC
    Division of Medicaid

**EXHIBIT B**