UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HELEN BROWN                                                                                       PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:09cv221-DPJ-FKB

MISSISSIPPI DIVISION OF MEDICAID                                              DEFENDANT

**ORDER**

This employment discrimination case is before the Court on Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has responded in opposition. The Court, having considered the memoranda and submissions of the parties and the applicable law, finds that Defendant's motion should be granted in part and denied in part as set forth herein.

**I.     Facts and Procedural History**

Plaintiff Helen Brown, an African American, began her employment with Defendant Mississippi Division of Medicaid ("Medicaid") in June 1991 as an Account Auditor II. She was promoted several times over the years, most recently to Division Director II in January 2006 and then to Accounting Auditing Division Director in December 2007. On April 25, 2008, Brown filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), claiming retaliation for her complaints to supervisors in July 2006 that her workload was more difficult than several Caucasian employees' workloads. Brown claimed in the charge that she was excluded from emails and meetings and that she was not permitted to apply for a promotion, all in retaliation for her complaints regarding disparate workloads. Brown later amended the charge to add a claim for disparate pay.

On July 3, 2008, Brown took leave under the Family Medical Leave Act and underwent surgery the following month. Brown claims that in August and September 2008, she sought treatment from a psychologist and a psychiatrist to deal with job-related stress. On September 18 and December 15, 2008, psychologist Dr. Anne Henderson sent letters to Brown's supervisor Rudy Ware indicating that Brown suffered from "severe depression and anxiety" and expressing that, in Henderson's opinion, Brown should not return to her position. Eventually, Plaintiff sought to extend her leave, the request was denied, and her employment terminated when she did not return to work.

On December 5, 2008, the Department of Justice issued Plaintiff's notice of right to sue. Plaintiff filed suit in Hinds County Circuit Court on March 5, 2009, stating causes of action based on race discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981 and intentional infliction of emotional distress. Defendant removed the action to this Court, which exercises jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. Defendant filed the instant motion for summary judgment [25] on December 9, 2009, and Plaintiff responded in opposition. The motion is fully briefed and ripe for decision.

**II. Analysis**

    A. <u>Summary Judgment Standard</u>

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

B. <u>Retaliation</u>

To establish a prima facie case of retaliation, a plaintiff must prove that (1) she engaged in an activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 483 (5th Cir. 2002). Defendant premises its motion entirely on the first two prongs, which are the sole focus of this opinion.

As for the first element, "[a]n employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). The Fifth Circuit has considered "whether proof of an actual unlawful employment practice is necessary under the opposition clause, or whether an employee is protected from retaliation under the opposition clause if the employee reasonably believes that the employer is engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1138 (5th Cir. 1981). The Court concluded that "[t]he opposition clause of § 2000e-3(a) requires the employee to demonstrate that she had at least a 'reasonable belief' that the practices she opposed were unlawful." *Long*, 88 F.3d at 304 (quoting *Payne*, 654 F.2d at 1140).

Ms. Brown alleges that, in July 2006 and again in February 2007, she complained to her supervisors that she was given a more burdensome workload than white employees Bob Pilgrim, Mitzi Thomas, and Larry Pilgrim. EEOC Charge, Ex. 9 to Def.'s Mot. [25]; *see also* Brown Dep. at 73-77. Defendant argues that it was unreasonable for Ms. Brown to compare herself to these white employees because they were not similarly situated to her. Defendant offers unrebutted evidence that Bob Pilgrim is a Bureau Director, that Larry Daniels was under Plaintiff's supervision, and that Mitzi Thomas is not a Medicaid employee but works there on a contractual basis. Simpson Aff. at 1-2. However, Defendant has not cited any cases suggesting that the "substantially similar" test should be imported into the question of an employee's reasonable beliefs. The Court agrees with Plaintiff that the reasonableness of her belief that she was a victim

of unlawful discrimination does not depend upon Ms. Brown's knowledge of Fifth Circuit standards of proof in discrimination cases.

Moreover, the Court notes that Defendant has not disputed the substance of Plaintiff's complaint that she received a heavier workload than these white workers. Ms. Brown also testified that her second-level supervisor Dave Maatallah reallocated work from Brown's white subordinates to her. Brown Dep. at 74-75. The Court finds Ms. Brown has at least created a genuine issue of material fact as to the reasonableness of her belief that Defendant's actions were discriminatory and, therefore, a genuine issue as to whether she engaged in protected activity when she complained to her supervisors. *See Parker v. State of La. Dep't of Educ. Special Sch. Dist.*, 323 F. App'x 321, 329 (5th Cir. 2009) ("At a minimum, Parker has created a question of material fact concerning the objective reasonableness of her belief that the DOE was engaged in an unlawful employment practice.") (citing *Long*, 88 F.3d at 305).

As for the second element of her prima facie case of retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Ms. Brown has alleged the following adverse actions taken by Defendant against her: (1) she was excluded from meetings and emails about her projects; (2) supervisors avoided her; (3) supervisors entered her office abruptly and without knocking; (4) "supervisors sp[ied] on [her]"; (5) Defendant gave her more complicated or complex assignments; (6) Defendant withheld $6,000 she was due as a salary

5

adjustment; and (7) the above actions resulted in her constructive discharge. Pl.'s Mem. [29] at 5-6; Brown Dep. at 24, 45, 63-72, 74-76, 78-87, 102-08.

Defendant argues that Plaintiff's alleged adverse actions (1) through (6) are not actionable but rather "fall into the category of petty slights . . . that employees regularly encounter in the workplace." Def.'s Mem. [26] at 11 (quoting *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 485 (5th Cir. 2008) (quotation marks omitted). The Court agrees that having supervisors avoid her, enter her office abruptly without knocking, and spy on her might be petty slights. Moreover, the allegation that Defendant withheld Brown's salary adjustment is not supported by the facts and does not constitute an adverse employment action.[1] It is also doubtful whether Defendant's alleged actions rise to the level of constructive discharge, which requires a plaintiff to "establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (quoting *Faruki v. Parsons S.I.P, Inc.*, 123 F.3d 315, 319 (5th Cir. 1997)).[2]

Although some of the conduct might constitute petty slights, Plaintiff's evidence is clear and unrebutted that she was excluded from meetings and emails beginning in July or August 2007 and that this made her job more difficult. Brown Dep. at 78-87. This, coupled with allegedly

---

[1]It appears that the withholding of half of the pay increase was pursuant to state personnel policy and that Brown would have received the rest of the pay increase had she not left employment at Medicaid, an argument Defendant advanced but to which Plaintiff did not respond. Def.'s Mem. [26] at 6; Def.'s Rebuttal [30] at 3; Simpson Aff. at 2. Moreover, Plaintiff's claim that certain white employees received their entire salary adjustments in violation of the state policy was based solely on rumor. Brown Dep. at 70-71.

[2]Defendant addresses the constructive discharge "claim" at length, but Plaintiff has announced that she makes no such averment as a separate cause of action. Instead, she relies on these factual averments as proof of an adverse employment action.

more complicated assignments and the facts associated with the termination of her employment, creates a question of fact as to whether Defendant's actions would dissuade a reasonable worker from complaining of discrimination. As a result, Plaintiff has established a genuine issue of material fact as to the second element of her prima facie retaliation claim.

D. Conceded Claims

In response to Defendant's motion, "Plaintiff concedes that she cannot show a prima facie case of race discrimination." Pl.'s Mem. [29] at 6. The Court takes this to refer to her Title VII claims based on failure to promote and disparate treatment, to the extent that she stated such claims, which she otherwise does not address in her response. She also concedes her claim under 42 U.S.C. § 1981, her claim for punitive damages, and her claim for intentional infliction of emotional distress. The Court grants Defendant's motion for summary judgment as to these claims.

**III. Conclusion**

For the reasons stated above, Defendant's motion for summary judgment is granted as to Title VII race discrimination claims based on failure to promote, disparate treatment, and constructive discharge; the § 1981 claim; the punitive damages claim; and the state law claim for intentional infliction of emotional distress. The motion is denied as to Plaintiff's Title VII retaliation claim.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE